**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JOSEPHINE SMITH, an individual, and A.S., a minor, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No.: 11-CV-3999-LHK |
| v. | ) |
| | ) |
| CITY OF SANTA CLARA, a public entity, and CLAY ROJAS, an individual, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED][1]**

Dated: December 16, 2013

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

---

[1] These jury instructions are proposed jury instructions; the Court will consider the parties' oral arguments on December 17, 2013 regarding the jury instructions and the parties' Motions for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50.

1

INSTRUCTION NO. 1
DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.1C (2007 Edition)

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

**United States District Court**
For the Northern District of California

INSTRUCTION NO. 2
BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.3 (2007 Edition)

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 3
TWO OR MORE PARTIES -- DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.5 (2007 Edition)

**United States District Court**
For the Northern District of California

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 4
WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;

2. The exhibits which are received into evidence; and

3. Any facts to which the lawyers have agreed.


**Source:** Ninth Circuit Model Civil Jury Instructions – 1.6 (2007 Edition)

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

**United States District Court**
For the Northern District of California

INSTRUCTION NO. 5
WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.7 (2007 Edition)

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

United States District Court
For the Northern District of California

INSTRUCTION NO. 6
EVIDENCE FOR A LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Source: Ninth Circuit Model Civil Jury Instructions – 1.8 (2007 Edition)

7

United States District Court
For the Northern District of California

INSTRUCTION NO. 7
DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.9 (2007 Edition)

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

**United States District Court**
For the Northern District of California

INSTRUCTION NO. 8
CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.11 (2007 Edition)

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

**United States District Court**
For the Northern District of California

INSTRUCTION NO. 9
STIPULATIONS OF FACT

The parties have agreed to certain facts that have been read to you. You should therefore treat these facts as having been proved.

**Source:** Ninth Circuit Model Civil Jury Instructions – 2.2 (2007 Edition)

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

United States District Court
For the Northern District of California

INSTRUCTION NO. 10
DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Source: Ninth Circuit Model Civil Jury Instructions – 2.4 (2007 Edition)

11

INSTRUCTION NO. 11
IMPEACHMENT EVIDENCE – WITNESS

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Source: Ninth Circuit Model Civil Jury Instructions – 2.8 (2007 Edition)

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 12
CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs, Josephine Smith and her granddaughter, A.S., have made the following claims against defendants Clay Rojas and the City of Santa Clara:

1. That Clay Rojas used excessive force to remove and detain Josephine Smith from her home in violation of her constitutional rights, in violation of 42 U.S.C. §1983;

2. That Clay Rojas retaliated against Josephine Smith because she exercised her constitutional right to free speech, in violation of 42 U.S.C. §1983;

3. That Clay Rojas and officers of the Santa Clara Police Department used violence to interfere with the constitutional rights of both plaintiffs, in violation of the Bane Act;

4. That Clay Rojas and officers of the Santa Clara Police Department interfered with both plaintiffs' constitutional rights by threats, intimidation or coercion, in violation of the Bane Act;

5. That Clay Rojas and officers of the Santa Clara Police Department acted violently against both plaintiffs to prevent them from exercising their rights, in violation of the Bane Act;

6. That Clay Rojas and officers of the Santa Clara Police Department invaded the privacy interests of both plaintiffs when they intentionally forced entry into their home and adjoining property;

7. That Clay Rojas and officers of the Santa Clara Police Department committed battery against Josephine Smith by intentionally touching her and using unreasonable force against her without her consent;

8. That Clay Rojas and officers of the Santa Clara Police Department caused both plaintiffs to suffer severe emotional distress; and

9. That Clay Rojas and officers of the Santa Clara Police Department trespassed on Josephine Smith's properties by intentionally entering them without her voluntary consent.

Josephine Smith and A.S. have the burden of proving these claims.

Clay Rojas and the City of Santa Clara deny these claims and also contend that their entry was authorized by law, and therefore did not constitute a trespass onto Plaintiff's property. Clay Rojas and the City of Santa Clara further contend that Justine Smith, as a probationer, consented to the search of Josephine Smith's home. Clay Rojas and the City of Santa Clara further contend that there were exigent circumstances to support the search. Clay Rojas and the City of Santa Clara have the burden of proof on these defenses. The plaintiffs deny defendants' affirmative defenses.

**Source**: Ninth Circuit Model Jury Instructions No. 1.2 (2007 edition)

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 13
SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION

Josephine Smith brings her claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**Source:** Ninth Circuit Model Jury Instructions No. 9.1 (2007 edition).

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

United States District Court
For the Northern District of California

INSTRUCTION NO. 14

SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF (42 U.S.C. § 1983)

In order to prevail on her § 1983 claims against Clay Rojas, Josephine Smith must prove each of the following elements by a preponderance of the evidence:

1.  Clay Rojas acted under color of law; and

2.  the acts of Clay Rojas deprived Josephine Smith of her particular rights under the United States Constitution, as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Clay Rojas acted under color of law.

If you find that Josephine Smith has proved each of these elements, and if you find that Josephine Smith has proved all the elements she is required to prove under Instruction Nos. 16 and 17 that deal with the particular rights, your verdict should be for Josephine Smith. If, on the other hand, Josephine Smith has failed to prove any one or more of these elements, your verdict should be for Clay Rojas.

**Source:**  Ninth Circuit Model Jury Instruction No. 9.2 (2007 edition).

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 15
SECTION 1983 CLAIM -- CAUSATION

In order to establish that the acts or failure to act of Clay Rojas deprived Josephine Smith of her particular rights under the United States Constitution as explained in later instructions, Josephine Smith must prove by a preponderance of the evidence that the acts or failure to act were so closely related to the deprivation of Josephine Smith's rights as to be the moving force that caused the ultimate injury.

**Source:**  Ninth Circuit Model Jury Instruction No. 9.8 (2007 edition).

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 16

SECTION 1983 CLAIM – PARTICULAR RIGHTS FIRST AMENDMENT – "CITIZEN"
PLAINTIFF

As previously explained, Josephine Smith has the burden to prove that the acts of Clay Rojas deprived Josephine Smith of particular rights under the United States Constitution. In this case, Josephine Smith alleges Clay Rojas deprived her of her rights under the First Amendment to the Constitution when Clay Rojas handcuffed her and otherwise used force to detain her after she told him she would not consent to a search of her property without a valid search warrant.

Under the First Amendment, a citizen has the right to free expression. In order to prove Clay Rojas deprived Josephine Smith of this First Amendment right, Josephine Smith must prove the following additional elements by a preponderance of the evidence:

1. Josephine Smith engaged in speech protected under the First Amendment;

2. Clay Rojas took action against Josephine Smith; and

3. Josephine Smith's protected speech was a substantial or motivating factor for Clay Rojas' action.

I instruct you that Josephine Smith's speech in this case about refusing to consent to a search without a valid search warrant was protected under the First Amendment and, therefore, the first element requires no proof.

A substantial or motivating factor is a significant factor.


**Source:** Ninth Circuit Model Jury Instruction No. 9.10 (2007 edition).

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 17
SECTION 1983 CLAIM – PARTICULAR RIGHTS – FOURTH AMENDMENT –
UNREASONABLE SEIZURE OF PERSON – EXCESSIVE (DEADLY AND NONDEADLY)
FORCE

As previously explained, Josephine Smith has the burden to prove that the acts of Clay Rojas deprived Josephine Smith of particular rights under the United States Constitution.  In this case, Josephine Smith alleges Clay Rojas deprived her of her rights under the Fourth Amendment to the Constitution.  In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force.  Thus, in order to prove an unreasonable seizure in this case, Josephine Smith must prove by a preponderance of the evidence that Clay Rojas used excessive force when detaining Josephine Smith during a search of her property.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether Clay Rojas used excessive force in this case, consider all of the circumstances known to Clay Rojas, including:

1.     The severity of the crime or other circumstances to which Clay Rojas was responding;

2.     Whether Josephine Smith posed an immediate threat to the safety of Clay Rojas or to others;

3.     Whether Josephine Smith was actively resisting arrest or attempting to evade arrest by flight;

4.     The amount of time and any changing circumstances during which Clay Rojas had to determine the type and amount of force that appeared to be necessary; and

5.     The type and amount of force used.

**Source:**  Ninth Circuit Model Jury Instruction No. 9.22 (2007 edition)

18

INSTRUCTION NO. 18

BANE ACT (CIV. CODE § 52.1) CLAIM – ESSENTIAL FACTUAL ELEMENTS

Josephine Smith and A.S. claim that Clay Rojas and the City of Santa Clara intentionally interfered with or attempted to interfere with their civil rights by threats, intimidation, or coercion. To establish this claim, Josephine Smith and A.S. must prove all of the following:

1.      (a) That defendants acted towards plaintiffs in a manner that a reasonable person would have found threatening, intimidating, or coercive, which (i) interfered with plaintiffs' First Amendment right to free speech, their Fourth Amendment right to avoid unreasonable searches and seizures, and their rights under article I, sections 1, 2, 7, and 13 of the California Constitution, or (ii) caused plaintiffs to reasonably believe that if they exercised these rights, defendants would commit violence against them or their property;

   or

         (b) That defendants acted violently against plaintiffs and their property, which interfered with plaintiffs' First Amendment right to free speech, their Fourth Amendment right to avoid unreasonable searches and seizures, and their rights under article I, sections 1, 2, 7, and 13 of the California Constitution;

   or

         (c) That defendants acted violently against plaintiffs and their property to prevent them from exercising their First Amendment right to free speech, their Fourth Amendment right to avoid unreasonable searches and seizures, and their rights under article I, sections 1, 2, 7, and 13 of the California Constitution, or to retaliate against plaintiffs for having exercised these rights;

2.      That plaintiffs were harmed; and

3.      That defendants' conduct was a substantial factor in causing plaintiffs' harm.

**Source:**  Judicial Council of California, Civil Jury Instructions, No. 3066; *Moreno v. Town of Los Gatos*, 267 Fed. Appx. 665 (9th Cir. 2008); *Vanegas v. County of Los Angeles,* 32 Cal. App.4th 820, 841-43 (2004).

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 19
BANE ACT CLAIM – SUBSTANTIAL FACTOR

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

**Source**: Judicial Council of California, Civil Jury Instructions No. 430

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

United States District Court
For the Northern District of California

INSTRUCTION NO. 20
BANE ACT CLAIM – CONSTITUTIONAL RIGHTS

Josephine Smith and A.S. claim that defendants violated their First Amendment right to free speech and their Fourth Amendment right to avoid unreasonable searches and seizures under the United States Constitution.

Josephine Smith and A.S. also claim that defendants violated their rights under Article I, Sections 1, 2, 7, and 13 of the California Constitution.

Under Article I, Section 1, a citizen has the right to enjoy and defend his or her life and liberty, to acquire, possess, and protect property, and to pursue and obtain safety, happiness, and privacy.

Under Article I, Section 2, a citizen has the right to freely speak, write, and publish his or her sentiments on all subjects, being responsible for the abuse of this right.

Under Article I, Section 7, a citizen may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws.

Under Article I, Section 13, a citizen's right to be secure in his or her person, house, papers and effects against unreasonable seizures and searches may not be violated.

The burden is on Josephine Smith and A.S. to show that their exercise or enjoyment of their constitutional rights was violated by defendants.

**Source:** Judicial Council of California, Civil Jury Instructions, No. 3066

21

INSTRUCTION NO. 21
BANE ACT CLAIM -- UNREASONABLE SEARCH – SEARCH WITHOUT A WARRANT –
ESSENTIAL FACTUAL ELEMENTS

Josephine Smith and A.S. claim that Clay Rojas and the City of Santa Clara carried out an unreasonable search of their home because the defendants did not have a warrant. To establish this claim, plaintiffs must prove all of the following:

1. That Clay Rojas and the City of Santa Clara searched plaintiffs' home;

2. That Clay Rojas and the City of Santa Clara did not have a warrant;

3. That Clay Rojas and the City of Santa Clara were acting or purporting to act in the performance of their official duties;

4. That plaintiffs were harmed; and

5. That Clay Rojas' and the City of Santa Clara's search was a substantial factor in causing plaintiffs' harm.

**Source**: Judicial Council of California, Civil Jury Instructions, No. 3023.

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 22
BANE ACT CLAIM -- AFFIRMATIVE DEFENSE TO WARRANT REQUIREMENT –
CONSENT TO SEARCH

Clay Rojas and the City of Santa Clara claim that the search was reasonable and that a search warrant was not required because Justine Smith consented to the search as a probationer. To succeed, Clay Rojas and the City of Santa Clara must prove both of the following:

1. That Justine Smith, who controlled or reasonably appeared to have control of the area, knowingly and voluntarily consented to the search; and

2. That the search was reasonable under all of the circumstances.

In deciding whether the search was reasonable, you should consider, among other factors, the following:

(a) The extent of the particular intrusion;

(b) The place in which the search was conducted; and

(c) The manner in which the search was conducted.

**Source:** Judicial Council of California, Civil Jury Instructions, No. 3025; Cal. Evid. Code § 500 ("Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting."); *Ladd v. Warner Bros. Entertainment* (2010) 184 Cal.App.4th 1298, 1309 ("As with any affirmative defense, Warner had the burden to prove all facts essential to its defenses . . .").

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 23
BANE ACT CLAIM – CONSENT TO SEARCH – PROBATION CONDITION

A person may consent to a search of his or her residence as a term of probation. A search based on a probation search condition is reasonable if the officers have probable cause to believe that the target of the search is a resident of the home to be searched. Probable cause is a higher standard than a mere well-founded suspicion. Defendants must prove by a preponderance of the evidence that they had probable cause to believe Justine Smith lived at 940 and 942 Gale Drive at the time of the incident.

**Source:** Cal. Evid. Code § 500; *Motley v. Parks*, 432 F.3d 1072, 1079-80 (9th Cir. 2005) (en banc) (overruled in part on other grounds by *United States v. King*, 687 F.3d 1189 (9th Cir. 2012)); *United States v. Howard*, 447 F.3d 1257, 1262 (9th Cir. 2006) (overruled in part on other grounds by *United States v. King*, 687 F.3d 1189 (9th Cir. 2012)); *People v. Woods*, 21 Cal. 4th 668, 674-75 (1999) (holding a probation search is a type of consent search, and falls within the "consent" exception to the warrant requirement).

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

**United States District Court**
For the Northern District of California

INSTRUCTION NO. 24
BANE ACT CLAIM -- AFFIRMATIVE DEFENSE TO WARRANT REQUIREMENT –
EXIGENT CIRCUMSTANCES

Clay Rojas and the City of Santa Clara claim that a search warrant was not required. To succeed, Clay Rojas and the City of Santa Clara must prove both of the following:

1. That a reasonable officer would have believed that, under the circumstances, there was not enough time to get a search warrant because entry or search was necessary to prevent harm to the officer or other persons, the destruction or concealment of evidence, or the escape of a suspect;

2. That the search was reasonable under the circumstances.

In deciding whether the search was reasonable, you should consider, among other factors, the following:

(a) The extent of the particular intrusion;

(b) The place in which the search was conducted; and

(c) The manner in which the search was conducted.

**Source:** Judicial Council of California, Civil Jury Instructions, No. 3026; Cal. Evid. Code § 500; *Ladd v. Warner Bros. Entertainment*, 184 Cal. App. 4th 1298, 1309 (2010).

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 25
INTRUSION INTO PRIVATE AFFAIRS

Josephine Smith and A.S. claim that Clay Rojas and the City of Santa Clara violated their right to privacy.  To establish this claim, Josephine Smith and A.S. must prove all of the following:

1.      That plaintiffs had a reasonable expectation of privacy in their home;

2.      That defendants intentionally intruded in plaintiffs' home;

3.      That defendants' intrusion would be highly offensive to a reasonable person;

4.      That plaintiffs were harmed; and

5.      That defendants' conduct was a substantial factor in causing plaintiffs' harm.

In deciding whether plaintiffs had a reasonable expectation of privacy in their home, you should consider, among other factors, the following:

(a)      The identity of defendants;

(b)      The extent to which other persons had access to plaintiffs' home; and

(c)      The means by which the intrusion occurred.

In deciding whether an intrusion is highly offensive to a reasonable person, you should consider, among other factors, the following:

(a)      The extent of the intrusion;

(b)      Defendants' motives and goals; and

(c)      The setting in which the intrusion occurred.

**Source:**  Judicial Council of California, Civil Jury Instructions, No. 1800

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 26
BATTERY BY A PEACE OFFICER

Josephine Smith claims that Clay Rojas and the City of Santa Clara harmed her by using unreasonable force to detain her. To establish this claim, Josephine Smith must prove all of the following:

1.      That Clay Rojas and the City of Santa Clara intentionally touched Josephine Smith or caused Josephine Smith to be touched;

2.      That Clay Rojas and the City of Santa Clara used unreasonable force to detain Josephine Smith;

3.      That Josephine Smith did not consent to the use of that force;

4.      That Josephine Smith was harmed; and

5.      That Clay Rojas and the City of Santa Clara's use of unreasonable force was a substantial factor in causing Josephine Smith's harm.

A police officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime.  Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the police officer unless the police officer is using unreasonable force.

In deciding whether Clay Rojas and the City of Santa Clara used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in his position under the same or similar circumstances.  You should consider, among other factors, the following:

(a)      The seriousness of the crime at issue;

(b)      Whether Josephine Smith reasonably appeared to pose an immediate threat to the safety of Clay Rojas and the City of Santa Clara or others; and

(c)      Whether Josephine Smith was actively resisting arrest or attempting to evade arrest.

**Source:**  Judicial Council of California, Civil Jury Instructions, No. 1305

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 27
BATTERY CLAIM -- INTENT

Clay Rojas and the City of Santa Clara acted intentionally if they intended to cause harmful or offensive contact with Josephine Smith, or if they were substantially certain that harmful or offensive contact would result from their conduct.

**Source:** Judicial Council of California, Civil Jury Instructions, No. 1320

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 28
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – ESSENTIAL FACTUAL
ELEMENTS

Josephine Smith and A.S. claim that the conduct of Clay Rojas and the City of Santa Clara caused them to suffer severe emotional distress.  To establish this claim, plaintiffs must prove all of the following:

1.     That defendants' conduct was outrageous;

2.     That defendants intended to cause plaintiffs emotional distress;

or

That defendants acted with reckless disregard of the probability that plaintiffs would suffer emotional distress, knowing that plaintiffs were present when the conduct occurred;

3.     That plaintiffs suffered severe emotional distress; and

4.     That defendants' conduct was a substantial factor in causing plaintiffs' severe emotional distress.


**Source:** Judicial Council of California, Civil Jury Instructions, No. 1600

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 29

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – "OUTRAGEOUS CONDUCT" DEFINED

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency.  Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community.  Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether defendants' conduct was outrageous, you may consider, among other factors, the following:

(a)     Whether defendants abused a position of authority or a relationship that gave them real or apparent power to affect plaintiffs' interests;

(b)     Whether defendants knew that plaintiffs were particularly vulnerable to emotional distress; and

(c)     Whether defendants knew that their conduct would likely result in harm due to mental distress.

**Source:**  Judicial Council of California, Civil Jury Instructions, No. 1602

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

## INSTRUCTION NO. 30
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – "RECKLESS DISREGARD" DEFINED

Defendants acted with reckless disregard in causing plaintiffs emotional distress if:

1.      Defendants knew that emotional distress would probably result from their conduct; or

2.      Defendants gave little or no thought to the probable effects of their conduct.

**Source:** Judicial Council of California, Civil Jury Instructions, No. 1603

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 31
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – "SEVERE EMOTIONAL DISTRESS" DEFINED

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it.  Plaintiffs are not required to prove physical injury to recover damages for severe emotional distress.

**Source:** Judicial Council of California, Civil Jury Instructions, No. 1604

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

United States District Court
For the Northern District of California

INSTRUCTION NO. 32
TRESPASS

Josephine Smith claims that Clay Rojas and the City of Santa Clara trespassed on her property.  To establish this claim, Josephine Smith must prove all of the following:

1.      That Josephine Smith owned or controlled the property;

2.      That defendants intentionally, recklessly, or negligently entered Josephine Smith's property;

3.      That Josephine Smith did not give permission for the entry or that defendants exceeded Josephine Smith's permission; and

4.      That Josephine Smith was harmed; and

5.      That defendants' entry and conduct were a substantial factor in causing Josephine Smith's harm.


**Source:** Judicial Council of California, Civil Jury Instructions, No. 2000

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 33
TRESPASS – CONSENT

Consent is not valid if it is obtained by duress or menace.

**Source**: *Butler v. Collins*, 12 Cal. 457, 463 (1859).

INSTRUCTION NO. 34
AFFIRMATIVE DEFENSE TO TRESPASS – AUTHORIZED ENTRY UPON PROPERTY

A public employee is not liable for any injury arising out of his entry upon any property where such entry is expressly or impliedly authorized by law. A public employee is not exonerated from liability for an injury proximately cause by his own negligent or wrongful act or omission.

**Source**: California Government Code §821.8

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 35
INTRODUCTION TO TORT DAMAGES – LIABILITY CONTESTED

If you decide that plaintiffs Josephine Smith and A.S. have proved their claims against defendants Clay Rojas or the City of Santa Clara, you also must decide how much money will reasonably compensate plaintiffs for the harm.  This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by defendants' wrongful conduct, even if the particular harm could not have been anticipated.

Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  However, you must not speculate or guess in awarding damages.

The following are the damages claimed by plaintiffs:

1.     Damages for Josephine Smith's physical injury, and pain and suffering;

2.     Josephine Smith's emotional distress, personal humiliation, and mental anguish suffered as a result of the conduct of Clay Rojas or the City of Santa Clara;

3.     A.S.'s emotional distress suffered as a result of the conduct of Clay Rojas or the City of Santa Clara;

4.     Damages to Josephine Smith's real property; and

5.     Presumed damages for the violation of Josephine Smith's and A.S.'s constitutional rights.


**Source:** Judicial Council of California, Civil Jury Instructions, No. 3900

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 36

PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTIONAL DISTRESS (NONECONOMIC DAMAGE)

The following are the specific items of noneconomic damages claimed by Josephine Smith and A.S.:

1.    Damages for Josephine Smith's physical injury, and pain and suffering;

2.    Josephine Smith's emotional distress, personal humiliation, and mental anguish suffered as a result of the conduct of Clay Rojas or the City of Santa Clara;

3.    A.S.'s emotional distress suffered as a result of the conduct of Clay Rojas or the City of Santa Clara;

4.    Presumed damages for the violation of Josephine Smith's and A.S.'s constitutional rights.

No fixed standard exists for deciding the amount of these noneconomic damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

**Source:** Judicial Council of California, Civil Jury Instructions, No. 3905A

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 37
BANE ACT CLAIM DAMAGES

If you decide that Josephine Smith and A. S. have proved their Civil Code Section 52.1 claim against Clay Rojas or the City of Santa Clara, you also must decide how much money will reasonably compensate them for the harm.  This compensation is called "damages."

Josephine Smith and A. S. must prove the amount of their damages.  However, Josephine Smith and A. S. do not have to prove the exact amount of the harm or the exact amount of damages that will provide reasonable compensation for the harm.  You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Josephine Smith and A. S.:

- Emotional Distress;

- Pain and Suffering; and

- Violations of right to free speech, freedom from unreasonable searches and seizures, and to enjoy and defend life and liberty, acquire, possess and protect property, or pursue and obtain safety, happiness, and privacy.

In addition, you may award Josephine Smith and A.S. up to three times the amount of their actual damages as a penalty against any defendant you find has violated Civil Code Section 52.1, but in no case may you award less than $4,000 per violation.

**Source:** Judicial Council of California, Civil Jury Instructions, No. 3067

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 38
DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:** Ninth Circuit Model Civil Jury Instructions – 3.1 (2007 Edition)

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

INSTRUCTION NO. 39
COMMUNICATION WITH COURT

        If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.


**Source:** Ninth Circuit Model Civil Jury Instructions – 3.2 (2007 Edition)

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]

INSTRUCTION NO. 40
RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


**Source:** Ninth Circuit Model Civil Jury Instructions – 3.3 (2007 Edition)

Case No.: 11-CV-3999-LHK
DRAFT FINAL JURY INSTRUCTIONS [ANNOTATED]